PEOPLE v REYNOLDS

Docket No. 211458. Submitted January 11, 2000, at Detroit. Decided March
17, 2000, at 9:15 A.M. Leave to appeal sought.

Jeffrey M. Reynolds was convicted by a jury in the Lapeer Circuit
Court, Nick O. Holowka, J., of third-degree criminal sexual conduct
and was found guilty by the court of being a second-offense habit-
ual offender. The court initially imposed a sentence of 2½ to 15
years, but the court vacated that sentence and resentenced the
defendant to a sentence of 5 to 22½ years as an habitual offender.
The defendant appealed.

The Court of Appeals held:

1. The sentence imposed was not disproportionately long given
the circumstances of the offense. A trial court does not abuse its
discretion in sentencing an habitual offender where the sentence is
within the statutory limits and the offender's underlying felony, in
the context of previous felonies, evinces the defendant's inability to
conform the defendant's conduct to the laws of society. The sen-
tence imposed was within the statutory limits, and the nature of
the present offense, when coupled with the defendant's prior con-
victions, evinces an inability to conform his behavior to the law.
Accordingly, the court did not abuse its discretion in imposing the
sentence of 5 to 22½ years.

2. The defendant is not entitled to resentencing pursuant to the
statutory scheme of legislatively mandated sentencing guidelines,
MCL 769.34, 777.1 et seq.; MSA 28.1097(3.4), 28.1274(11) et seq.,
because the Legislature has clearly indicated that it intended that
the statutory sentencing guidelines would apply to felonies commit-
ted on or after January 1, 1999, and that the Supreme Court's judi-
cially implemented sentencing guidelines were to continue to apply
to felonies committed before January 1, 1999. The statutory scheme
evinces no intent by the Legislature that the new statutory sentenc-
ing guidelines should be applied retroactively to felonies commit-
ted before January 1, 1999.

Affirmed.

1. Sentences — Habitual Offenders — Abuse of Discretion.

A trial court does not abuse its discretion in sentencing an habitual
offender where the sentence is within the statutory limits and the

offender's underlying felony, in the context of previous felonies, evinces the defendant's inability to conform the defendant's conduct to the laws of society.

2. SENTENCES — STATUTORY SENTENCING GUIDELINES — RETROACTIVE APPLICATION — LEGISLATIVE INTENT.

The Legislature clearly indicated that it intended that the statutory sentencing guidelines would apply to felonies committed on or after January 1, 1999, and that the Supreme Court's judicially implemented sentencing guidelines were to continue to apply to felonies committed before January 1, 1999; the statutory scheme evinces no intent by the Legislature that the new statutory sentencing guidelines should be applied retroactively to felonies committed before January 1, 1999 (MCL 769.34; MSA 28.1097[3.4]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Justus C. Scott*, Prosecuting Attorney, and *Geoffrey Stuart*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg*, Assistant Defender), for the defendant on appeal.

Before: ZAHRA, P.J., and SAAD and GAGE, JJ.

SAAD, J. Defendant appeals his sentence of 5 to 22½ years in prison for third-degree criminal sexual conduct, MCL 750.520d(1)(b); MSA 28.788(4)(1)(b). We affirm.

I. FACTS AND PROCEEDINGS

Complainant testified that defendant sexually assaulted her while they were both spending the night at complainant's friends' mobile home. A jury convicted defendant of third-degree criminal sexual conduct, i.e., nonconsensual sexual penetration accomplished by force or coercion. MCL 750.520d(1)(b); MSA 28.788(4)(1)(b). The trial court originally sentenced defendant to thirty months to fifteen years in

prison. Subsequently, the trial court vacated this sentence in order to resentence defendant as a second-offense habitual offender to 5 to 22½ years in prison. MCL 769.10; MSA 28.1082. Defendant now appeals his sentence.

## II. ANALYSIS

### A

Defendant argues that his sentence is disproportionately long given the circumstances of the offense. This Court reviews a trial court's sentence imposed on an habitual offender for an abuse of discretion. *People v Hansford (After Remand)*, 454 Mich 320, 323-324; 562 NW2d 460 (1997). A trial court does not abuse its discretion in sentencing an habitual offender within the statutory limits established by the Legislature when the offender's underlying felony, in the context of previous felonies, evinces the defendant's inability to conform his conduct to the laws of society. *Id.*, 326.

Here, both of these elements are satisfied. The sentence fell within the statutory maximum limits. Third-degree criminal sexual conduct is punishable by "imprisonment for not more than 15 years." MCL 750.520d(2); MSA 28.788(4)(2). However, MCL 769.10; MSA 28.1082 allows the court to sentence a second-offense habitual offender to imprisonment for a maximum term that is not more than 1½ times the maximum term prescribed for the underlying offense. The maximum sentence of 22½ years falls within this statutory limit. *Hansford, supra* at 326. The trial court based the sentence on defendant's previous criminal record, which includes convictions of receiving and

concealing stolen property and giving police false information. Defendant's crime was of a serious nature, and reveals an inability to conform his behavior to the law. Consequently, the sentencing court did not abuse its discretion. *Id.*

B

Defendant claims that he is entitled to resentencing in light of the ameliorative penalty provisions of the legislative sentencing guidelines.[1] We disagree. The offense here occurred in 1997, and the legislative guidelines apply only to offenses committed on or after January 1, 1999.

The primary goal of statutory interpretation is to give effect to legislative intent. *People v Seeburger,* 225 Mich App 385, 391; 571 NW2d 724 (1997). When statutory language is clear and unambiguous, we must honor the legislative intent as clearly indicated in that language. *Id., Western Michigan Univ Bd of Control v Michigan,* 455 Mich 531, 538; 565 NW2d 828 (1997). We presume that the Legislature intended the meaning plainly expressed in the language used in the statute. *People v Venticinque,* 459 Mich 90, 99; 586 NW2d 732 (1998).

Here, the statutory language is not ambiguous. On the contrary, the statutory language clearly states that the Legislature intended that the statutory sentencing guidelines have prospective, not retroactive, effect.

---

[1] The judicial sentencing guidelines in effect at the time of the offense here do not apply to defendants sentenced as habitual offenders. *People v Cervantes,* 448 Mich 620, 630; 532 NW2d 831 (1995). However, the legislative guidelines that apply to offenses committed on or after January 1, 1999, include a set of prior record variables. MCL 777.50 *et seq.*; MSA 28.1274(60) *et seq.*

MCL 769.34(1); MSA 28.1097(3.4)(1) unequivocally states that the "sentencing guidelines promulgated by order of the Michigan supreme court [i.e., the old judicially created sentence guidelines] shall not apply to felonies . . . committed on or after January 1, 1999." Thus, the Legislature intended for the Supreme Court's guidelines to continue to apply to felonies committed before January 1, 1999. The statute further states that the new sentencing guidelines apply to felonies "committed on or after January 1, 1999." MCL 769.34(2); MSA 28.1097(3.4)(2). Accordingly, there is no basis for defendant's argument that the Legislature intended the new statutory guidelines to apply to crimes committed before January 1, 1999.[2]

Affirmed.

---

[2] Moreover, the Supreme Court stated in Administrative Order No. 1998-4 that the judicial guidelines promulgated by the Supreme Court in Administrative Order No. 1988-4, 430 Mich ci (1988), would remain effective for offenses committed before January 1, 1995. 459 Mich clxxv (1998). See also *People v Alexander*, 234 Mich App 665, 679, n 3; 599 NW2d 749 (1999).