# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
May 26, 2015

v

EDDIE LAMAR WRIGHT,

Defendant-Appellant.

No. 320619
Macomb Circuit Court
LC No. 2013-002385-FC

Before: MURPHY, P.J., and STEPHENS and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to commit murder (AWIM), MCL 750.83, carrying a concealed weapon, MCL 750.227(2), felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced as a fourth habitual offender, MCL 769.12, to 126 to 240 months for his AWIM, felon-in-possession, and carrying a concealed weapon convictions, as well as a mandatory two-year sentence for his felony-firearm conviction, to be served preceding and consecutive to his AWIM sentence but concurrently with his felon-in-possession and concealed weapon convictions. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that there was insufficient evidence of his guilt of AWIM. We disagree. This Court reviews sufficiency of the evidence issues de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). "To determine whether the prosecutor has presented sufficient evidence to sustain a conviction, [appellate courts] review the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013) (citation and internal quotation marks omitted). While this Court reviews the sufficiency of the evidence de novo, it must be careful to not interfere with the factfinder's role of determining the weight of evidence or the credibility of witnesses. *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992) (citations omitted). This Court must also defer to the finder of fact when reviewing what inferences and weight should be made and given to the evidence. *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility

-1-

choices in support of the jury verdict." *People v Nowak*, 462 Mich 392, 400; 614 NW2d 78 (2000).

The elements of AWIM are "'(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder.'" *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014), quoting *Ericksen*, 288 Mich App at 195–196. With regard to the first element, "[a]n assault may be established by showing either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). In this case there was testimony presented by several witnesses, including the victim and the victim's wife, that defendant pointed a gun at the victim and pulled the trigger. The victim and his wife also testified that, before pulling the trigger, defendant twice told the victim that he was going to kill him and his children. Clearly, pointing a gun at someone and pulling the trigger places the intended target of the shooting in a "reasonable apprehension of receiving an immediate battery." *Starks*, 473 Mich at 234. Similarly, with regard to the third element, there can be no question that had defendant successfully shot the victim in the head or chest, where the witnesses testified defendant pointed the gun, death would have been the probable result, and that death would have been murder as there was no evidence that defendant's actions would be justified.

With regard to the second element of AWIM, intent, it is defendant's contention that the prosecution did not provide sufficient evidence to permit the jury to find this element beyond a reasonable doubt. We disagree. In *Henderson*, 306 Mich App at 11, we noted that

> intent may be inferred from circumstantial evidence. [*People v McGhee*, 268 Mich App 600, 623; 709 NW2d 595 (2005).] Indeed, "because it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind . . . ." [*People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).] Intent to kill may be inferred from all the facts in evidence, *including the use of a deadly weapon.* See [*People v Carines*, 460 Mich 750, 759; 597 NW2d 130 (1999).] Minimal circumstantial evidence is sufficient to show an intent to kill, and that evidence can include a motive to kill, along with flight and lying, which may reflect a consciousness of guilt. *People v Unger*, 278 Mich App 210, 223, 225–227; 749 NW2d 272 (2008). [Emphasis added.]

In this case, defendant pulled out a gun, pointed it at the victim's head (or chest), and pulled the trigger. A gun is clearly a deadly weapon. Defendant also told the victim that he was going to kill him and his children at least two times. Further, after the victim got the gun away from defendant, defendant fled the scene, lied about his whereabouts when questioned by the police, and also got rid of the gun as it was not located in either the vehicle or defendant's house. See *Henderson*, 306 Mich App at 11, citing *Unger*, 278 Mich App at 223, 225-227.

Based on all of this evidence, we conclude that there was sufficient evidence of intent to permit the jury to find this element, as well as the other two elements of AWIM, beyond a reasonable doubt. As such, we affirm the jury verdict finding defendant guilty of AWIM.

## II. RESENTENCING

Defendant next argues that he is entitled to resentencing with regard to his concealed weapon and felon-in-possession convictions because the trial court failed to score the offenses and exceeded the applicable sentencing guidelines by sentencing him to the same minimum and maximum sentences that he received for his AWIM conviction.[1]  This Court reviews for clear error a trial court's factual findings at sentencing. *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005), citing *People v Houston*, 261 Mich App 463, 471; 683 NW2d 192 (2004). However, the proper construction or application of statutory sentencing guidelines presents a question of law that is reviewed de novo.  *Mack*, 265 Mich App at 125, citing *People v Reynolds*, 240 Mich App 250, 252; 611 NW2d 316 (2000).

In *People v Mack*, 265 Mich App 122, the trial court sentenced the defendant to concurrent terms of 15 to 30 years for his third-degree criminal sexual conduct (CSC III) and assault with intent to commit criminal sexual conduct involving sexual penetration (AWICSC) convictions.  265 Mich App at 123-124.  The PSIR prepared by the probation department in *Mack* calculated the defendant's sentencing guidelines for his CSC III conviction at 84 to 120 months.  As in this case, no PSIR was prepared for the lower class felony, which in that case, was the AWICSC conviction.  *Id*. at 124.  The defendant in *Mack* argued "that the trial court erred by failing to separately score the AWICSC conviction and by sentencing defendant outside the guideline range that would apply to defendant's AWICSC conviction."  *Id*. at 124-125; see also *id*. at 126.

In rejecting the defendant's argument, this Court held:

> It is undisputed that because defendant was sentenced to concurrent sentences, MCL § 771.14(2)(e)(i) does not apply.[2] CSC III is a class B felony carrying a statutory maximum penalty of fifteen years in prison, while AWICSC is a class D felony carrying a statutory maximum penalty of ten years in prison. MCL § 777.16y. Thus, under the plain language of MCL § 771.14(2)(e)(ii) and (iii), the trial court correctly used in sentencing a PSIR covering defendant's conviction of CSC III, which, as a class B felony, is the crime having the higher crime class. Our construction of MCL § 771.14(2)(e)(ii) and (iii) recognizes the

---

[1] The felon-in-possession and concealed weapon sentences were ordered to run concurrently with the felony-firearm conviction, which was to be served prior to and consecutive to defendant's AWIM conviction.

[2] MCL 771.14(2)(e) provides, in pertinent part, that a presentence investigation report for a person to be sentenced under the statutory sentencing guidelines must include "(i) [f]or each conviction for which a consecutive sentence is authorized or required, the sentence grid in part 6 of chapter XVII that contains the recommended sentence range[,] (ii) [u]nless otherwise provided in subparagraph (i), for each crime having the highest crime class, the sentence grid in part 6 of chapter XVII that contains the recommended minimum sentence range [, and] (iii) [u]nless otherwise provided in subparagraph (i), the computation that determines the recommended minimum sentence range for the crime having the highest crime class."

Legislature's clear intent, expressed in its amendment of MCL § 771.14, that, for sentencing on multiple concurrent convictions, a PSIR would only be prepared for the highest crime class felony conviction and would no longer be prepared for each of the defendant's multiple convictions.

* * *

We conclude that resentencing is not warranted, as the trial court did not err in failing to have prepared a PSIR for defendant's conviction of AWICSC or in concluding that the sentencing guidelines are not applicable to defendant's AWICSC conviction, and did not impose a disproportionate sentence for that offense. [*Mack*, 265 Mich App at 127-130.]

Following *Mack*, the Supreme Court declined to grant leave to appeal this Court's decision in *People v Fisk*, unpublished opinion per curiam of the Court of Appeals, issued October 27, 2011 (Docket No 297455). *People v Fisk*, 491 Mich 935; 815 NW2d 123 (2012). In concurring in the denial of leave, Justice Kelly noted that because the defendant had not challenged two of his nonparolable life sentences, "requiring resentencing for the felonies with the lower offense classes would be a waste of judicial resources" as "[r]emanding this case could have no practical effect on the sentences this defendant will serve." *Fisk*, 491 Mich at 935 (KELLY, J., concurring). Justice Kelly also noted that the Court's "decision is not intended to apply to cases in which the failure to score lower offense class felonies could possibly affect the sentence a defendant will serve." *Id*.

In this case, defendant was appropriately sentenced to a term of 126 months to 240 months on his AWIM conviction, and he has not challenged that sentence on appeal. Because that sentence will not be completed until after his sentences for carrying a concealed weapon and felon-in-possession, as both sentences run concurrently with the felony-firearm sentence, the failure to score defendant's lower offense class felonies will not affect the total amount of time defendant will serve in this case. Therefore, even if the trial court's failure to score the guidelines for defendant's lower class felonies constituted error, the error would be harmless given defendant's AWIM sentence.[3] Consequently, defendant is not entitled to resentencing.

Affirmed.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola

---

[3] Defendant has also argued that the error in the sentence may impact his "parole eligibility" as well as his placement within the Department of Corrections, his risk assessment, and his accessibility to certain programs. However, "[a] prisoner has no constitutionally protected or inherent right to parole, only a hope or expectation of it." *Mack*, 265 Mich App at 129 (quotation and citations omitted). Therefore, we find no merit in defendant's argument.