*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KENNETH JEROME CHILLOUS,

        Defendant-Appellant.

UNPUBLISHED
September 17, 2020

No.  347251
Wayne Circuit Court
LC No.  17-004452-01-FC

Before:  LETICA, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(e) (sexual penetration while the actor is armed with a weapon).  Defendant was sentenced to 30 to 75 years' imprisonment.  On appeal, defendant argues that he received ineffective assistance of counsel, that the trial court imposed a departure sentence without sufficient justification, that there was insufficient evidence to sustain a CSC-I conviction, and that his conviction was contrary to the great weight of the evidence.  We affirm.

This case arises out of defendant's sexual assault of the then 23-year-old victim in 1997. On the night of the assault, the victim was attending a block party when someone fired a gun into the crowd.  Blood from another person spattered onto the victim's yellow shorts.  The victim ducked and was running toward an alley to escape when defendant grabbed her arm and said, "Come on."  The victim believed that defendant was helping her to safety.  However, when the victim told defendant that she was not going any further, defendant pulled out a gun and forced the victim into the bedroom of a house.  Initially, defendant attempted to force the victim to perform fellatio, but she refused.  He then forced penile-vaginal penetration.  During the assault, defendant instructed the victim to "[s]hut up, b****" because his grandmother was downstairs.

After defendant fell asleep, the victim left the home, 911 was called, and the victim reported the assault to a police officer, who noticed the blood stains on her shorts.  The victim soon underwent a sexual-assault examination at a hospital emergency room and a rape kit was prepared.

The victim's kit remained untested until 2013.  Thereafter, the male DNA recovered from testing the victim's vaginal swab was linked to defendant, and, after additional testing, an expert

witness testified that defendant's DNA matched the recovered profile. The same expert further opined that the probability of selecting a random individual from the African American population who would match the male DNA profile obtained from the victim's vaginal swab was 1 in 925.1 quintillion.[1]

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that defense counsel rendered ineffective assistance of counsel by failing to provide defendant with the discovery packet, failing to make an offer of proof regarding the DNA report of defendant's court-appointed expert, failing to admit the expert's report at trial, failing to provide defendant a copy of the expert's report, and failing to request a *Ginther*[2] hearing at the trial court level to challenge defense counsel's performance. We disagree.

To properly preserve an ineffective assistance of counsel claim, a defendant must move for a new trial or a *Ginther* hearing in the trial court. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Although defendant failed to make a motion below, he moved to remand for a *Ginther* hearing in this Court, which we denied without prejudice. *People v Chillous*, unpublished order of the Court of Appeals, entered on May 2, 2019 (Docket No. 347251).

Typically, the determination of whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo. *Id*. However, because there was no *Ginther* hearing held in this case, our review is limited to mistakes apparent on the record. *People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016). Moreover, defendant has "the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). To succeed on a claim of ineffective assistance of counsel, "a defendant must establish that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012) (quotation marks, citation, and footnote omitted). The question of whether counsel performed reasonably "is an objective one and requires the reviewing court to 'determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' " *Id*. at 670, quoting *Strickland v Washington*, 466 US 668, 690; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Trakhtenberg*, 493 Mich at 52.

---

[1] A quintillion is a number equal to 1 followed by 18 zeros.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Defendant argues that defense counsel provided ineffective assistance of counsel by failing to provide defendant with a copy of the discovery packet. The record belies this claim. At a pretrial hearing on June 6, 2017, defendant stated that he had not received the discovery packet, to which defense counsel replied that defendant did have the discovery packet. At a pretrial hearing on June 30, 2017, defendant stated four times that he had seen the discovery packet. At trial, the trial court noted that defense counsel had given defendant two pieces of paper that were allegedly missing from the discovery packet. But when defense counsel gave the papers to defendant, the trial court noted that defendant "scoffed at [them] and said, I already have this discovery." Because defendant has not established the factual predicate for this claim, he has failed to establish that defense counsel's performance was deficient. *Hoag*, 460 Mich at 6.

Defendant also argues that defense counsel was ineffective by failing to introduce evidence of an expert DNA report. "Defense counsel's failure to present certain evidence will only constitute ineffective assistance of counsel if it deprived defendant of a substantial defense." *People v Dunigan*, 299 Mich App 579, 589; 831 NW2d 243 (2013). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (quotation marks and citation omitted). "Moreover, decisions regarding what evidence to present and which witnesses to call are presumed to be matters of trial strategy, and we will not second-guess strategic decisions with the benefit of hindsight." *Dunigan*, 299 Mich App at 589-590.

Defendant asserts that the failure to introduce his expert's DNA report deprived him of a substantial defense because the contents of the report may have been exculpatory. Defendant provides no affidavit from trial counsel to support this claim. In fact, defendant does not detail the report's content because, according to appellate counsel, the report's contents are unknown as defense counsel placed no offer of proof regarding the report on the record and defense counsel failed to provide a copy of the expert's report to appellate counsel and defendant.

The trial court record reflects that defense counsel sought and successfully obtained funds to secure an independent expert to review the prosecution's DNA evidence. During an August 4, 2017 proceeding, based on a sidebar conversation with the attorneys, the trial court noted that "the [defendant's court-appointed] expert . . . found some error with whatever the DNA evidence was, and [the court's] understanding is that [that] issue has been brought to the prosecutor's attention and that's being addressed." Thereafter, the court commented that defense counsel's action in securing the expert had "already had some effect and it's causing the prosecutor's office to go back and re-examine what is one of the most critical pieces of evidence against you." Notably, defendant was present during this hearing.

At a subsequent hearing before a different judge, defendant attempted to claim that he had received an independent test that contradicted initial testing, and, therefore, the case against him should have been dismissed. The prosecutor told the court that the independent testing had raised "a question about a comparison sample from the victim" and that that test had been performed, that the defense had a copy of the result of that testing, and that "it does not change anything in terms of the DNA being his DNA in this rape kit." At the subsequent trial, defense counsel called no witnesses, expert or otherwise, to testify.

Given that the record reflects that the prosecution addressed the "error" brought to its attention by defendant's court-appointed expert witness, we conclude that defense counsel acted strategically when he did not seek to introduce the expert's report. *Id.* For this same reason, we conclude that defense counsel did not perform deficiently by failing to make an offer of proof on the record, outside the jury's presence, regarding the content of a report he never sought to admit. Cf. MCR 7.210(A)(3) ("[t]he substance . . . of excluded evidence offered at a trial . . . must be included as part of the record on appeal"); MRE 103(a)(2) (requiring an offer of proof regarding the substance of evidence excluded by a trial court's ruling in order to establish error).

Beyond merely stating that this case was decided on the basis of DNA evidence, defendant does not explain how defense counsel's alleged failure to provide him with the expert DNA report prejudiced him. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Konopka (On Remand)*, 309 Mich App 345, 366; 869 NW2d 651 (2015) (quotation marks and citation omitted). Without any argument detailing how defendant was prejudiced by defense counsel's alleged failure to provide the expert DNA report, defendant has failed to establish that defense counsel was ineffective.

Next, appellate counsel asserts that trial counsel was ineffective based on two laboratory reports dated May 13, 2015, and July 18, 2016, that are contained in the trial court's file. Appellate counsel argues that there is no way to determine whether these reports were admitted at trial because they contain no visible exhibit sticker. And although appellate counsel recognizes that these reports pertain to another alleged victim of defendant, appellate counsel suggests that defense counsel was ineffective for failing to bring out these discrepancies *if* the reports were admitted during trial.

The record reflects that the referenced reports were attached to the prosecution's notice of intent to introduce other-acts evidence. The prosecution's notice specifically identified them as pertaining to a 2005 sexual assault by defendant against another woman. Moreover, review of the trial court transcripts reflects that these reports were not admitted. In fact, despite the court's earlier determination that the similar-acts' evidence was admissible, the prosecution presented no similar-acts evidence during trial because, in part, defense counsel successfully moved to exclude evidence pertaining to a 1997 sexual assault by defendant against a third woman. Accordingly, defendant has not demonstrated that trial counsel performed deficiently or that defendant was prejudiced by defense counsel's failure to introduce these laboratory reports about a subsequent victim during this trial.

Finally, we conclude that defense counsel was not ineffective for failing to move for a new trial based on his allegedly deficient performance. Throughout these proceedings, the record reflects that defendant complained that trial counsel was performing deficiently. The trial court repeatedly detailed counsel's diligent representation, involving the pursuit of discovery and motions for a DNA expert and a defense investigator to assist in defendant's defense.

In sum, defendant has not demonstrated that defense counsel performed deficiently. Nor has defendant demonstrated a reasonable probability that the outcome in this case would have been different but for counsel's allegedly deficient performance. *Vaughn*, 491 Mich at 669. The DNA evidence against defendant was strong and there was additional corroborating evidence supporting

the victim's testimony from the police officer who took her report and the doctor who examined her. *Strickland*, 466 US at 695-696. Therefore, defendant's ineffective of assistance counsel claim fails.

## II. DISPROPORTIONATE SENTENCE

Defendant also argues that the trial court imposed a departure sentence without proper justification. We disagree.

Initially, we note that appellate counsel's argument that defendant's sentence is disproportionate relies upon case law pertaining to a sentence imposed under Michigan's legislative sentencing guidelines. However, because defendant's offense was committed on or about August 10, 1997, and the legislative sentencing guidelines apply to felonies committed on or after January 1, 1999, the judicial guidelines were used to calculate defendant's minimum sentence range in this case. Compare MCL 769.34(1) and (2). See also *People v Reynolds*, 240 Mich App 250, 253; 611 NW2d 316 (2000).

Under the judicial guidelines, we review the trial court's sentencing decision for an abuse of discretion, applying the principle of proportionality standard discussed in *People v Milbourn*, 435 Mich 630,636; 461 NW2d 1 (1990). *People v Babcock*, 469 Mich 247, 253-254; 666 NW2d 231 (2003). "[A] given sentence can be said to constitute an abuse of discretion if that sentence violates the principle of proportionality, which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636. Moreover, the judicial "sentencing guidelines were 'mandatory' only in the sense that the sentencing court was obliged to follow the procedure of 'scoring' a case on the basis of the circumstances of the offense and the offender, and articulate the basis for any departure from the recommended sentence range yielded by this scoring." *People v Hegwood*, 465 Mich 432, 438; 636 NW2d 127 (2001). "[B]ecause the recommended ranges found in the judicial guidelines were not the product of legislative action, a sentencing judge was not necessarily obliged to impose a sentence within those ranges." *Id*.

In this case, the recommended minimum judicial guidelines range was 10 to 25 years' imprisonment. The trial court sentenced defendant to 30 to 75 years' imprisonment. The trial court acknowledged that it was imposing a departure sentence, stating:

> And I don't have to find a substantial and compelling bases to upward depart from the guidelines, but I think there is a lot of substantial and comp[elling] reasons to upwardly depart. . . . [T]he very fact that his behavior, his dishonest and manipulative and deceptive behavior throughout this case[,] suggest[s] to me that he is not likely to be rehabilitated, and the facts of this case that he would take a woman who was vulnerable, who had just been at a party and witness[ed] [a shooting and] that . . . had blood . . . on her clothes from the shooting, [and to] trick her into thinking that he was taking her to a place of safety. I mean who is getting shot at and at the very same time they are thinking of getting shot at, they're thinking to rape someone. Like, that's not normal.

These people were at a party, both the defendant and the complainant were at a party, where a fight broke out and people started shooting. And when people started shooting and running for their lives, instead of [defendant] being like a normal person, running for safety, he's thinking this is an opportunity that I can rape someone. That is sick. That is twisted behavior and it demonstrates someone who is menace to society and a danger, and the streets of the city of Detroit or any street is not safe as long as [defendant] can walk free.

So that's why I believe it is appropriate that and it warrants a substantial— a departure because his guideline[]s as scored[,] giving him thirty years is, I believe, five years above the top of the guidelines. And I think that giving him a sentence five years above the top of his of [sic] guidelines is appropriate under the circumstances, so that concludes this matter.

Defendant argues that the trial court failed to properly justify the out-of-guidelines sentence on the circumstances surrounding the offense. We disagree. The trial court discussed the circumstances surrounding the offense, highlighting that defendant's predatory mindset focused on sexual assaulting a victim who was fleeing for her life. Regarding the circumstances surrounding defendant, the trial court noted that defendant's actions were "twisted" and demonstrated that he was a "menace to society," who posed a threat to the public. The trial court also noted defendant's "dishonest and manipulative behavior throughout this case." Although defendant asserts that the trial court's statement was improper because defendant was free to absent himself from the courtroom during trial, the trial court recognized defendant's behavior as being reflective of his low potential for rehabilitation. Thus, the court properly considered the non-binding judicial guidelines and articulated appropriate reasons to depart from them. *Id*. at 438.

Appellate counsel's argument that defendant "had not been in any criminal trouble or altercations since this event and had no other felonies or misdemeanors on his record" is belied by the presentence investigation report. It reflects a 1999 drug conviction, a 1999 conviction for attempted third-degree criminal sexual conduct, and a 2013 driving while license suspended conviction along with a 1997 charge for assault with the intent to commit sexual penetration and a reported, but uncharged, 2005 sexual assault, involving another DNA match to defendant.

At sentencing, the trial court plainly considered the circumstances surrounding defendant and the sexual assault before it imposed a proportionate sentence. *Milbourn*, 435 Mich at 636. We discern no abuse of discretion in the sentence imposed by the trial court. *Babcock*, 469 Mich at 253-254.

### III. INSUFFICIENT EVIDENCE AND GREAT WEIGHT

Defendant further argues that there was insufficient evidence to sustain his CSC-I conviction and that the jury's verdict was contrary to the great weight of the evidence. We disagree.

Although there is no requirement that a defendant preserve a sufficiency-of-the-evidence claim, defendant moved for a directed verdict at the close of the prosecution's proofs, which the trial court denied. This Court reviews "[a] challenge to the sufficiency of the evidence in a jury

trial . . . de novo, viewing the evidence in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014).

To preserve a claim that a jury's verdict was contrary to the great weight of the evidence, a defendant must raise the issue in a motion for a new trial in the trial court. *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003). Defendant failed to raise this issue in a motion for a new trial. Therefore, this issue is unpreserved. Generally, "[a]n appellate court will review a properly preserved great-weight issue by deciding whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Cameron*, 291 Mich App 599, 616-617; 806 NW2d 371 (2011) (quotation marks and citation omitted). "However, when a party fails to preserve a great-weight issue for appeal, an appellate court will look for plain error affecting the defendant's substantial rights." *Id*. at 617 (quotation marks and citation omitted). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when the plain, forfeited error result[s] in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (citations and quotation marks omitted).

To convict defendant of first-degree CSC under MCL 750.520b(1)(e), the prosecution was required to prove beyond a reasonable doubt that defendant "engage[d] in sexual penetration" with the victim while defendant was "armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon." Additionally, the prosecution was required to prove that defendant was the individual who sexually assaulted the victim. See *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008) ("[I]t is well settled that identity is an element of every offense."). "Identity may be shown by either direct testimony or circumstantial evidence which gives the jury an abiding conviction to a moral certainty that the accused was the perpetrator of the offense." *People v Kern*, 6 Mich App 406, 409-410; 149 NW2d 216 (1967).

Defendant primarily argues that there was insufficient evidence to establish his identity as the victim's assailant. Defendant notes that the victim was not able to pick him out of a photographic lineup when police officers contacted her in August 2016, nor did the victim know who defendant was. Similarly, the victim was not able to identify defendant as her assailant at the preliminary examination. However, defendant was identified as the assailant through DNA testing. Samples of a defendant's DNA, and the subsequent DNA testing, "are material to defendant's identity as the perpetrator, given that the DNA testing could point to another specific individual as the perpetrator." *People v Poole (On Remand)*, 311 Mich App 296, 312-313; 874 NW2d 407 (2015).

In this case, soon after the assault, the victim went to the hospital, where a rape kit was completed. During a medical examination, a physician obtained swabs from the victim's mouth, vagina, and rectum and secured them inside the kit. The swabs were later tested for the presence of male DNA. The testing returned an unknown male's DNA from the victim's vaginal swab. The unknown male's DNA was compared to a known sample of defendant's DNA, which returned a

positive match. An expert witness also testified that there was a 1 in 925.1 quintillion probability that another random African American male would have a profile that matched the male DNA profile retrieved from the victim's vaginal swab. The jury found the DNA evidence convincing on the element of defendant's identity. "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Instead, our role is to "make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich App 392, 400; 614 NW2d 78 (2000).

Defendant also argues that the gun that was used during the crime was not recovered, and there was no additional forensic evidence linking him to the crime. However, the victim testified that defendant pointed a gun at her when he was pulling her away from the shooting scene, and that defendant had the gun pointed at the victim's head during the commission of the assault. Although presenting the gun or additional forensic evidence linking defendant to the assault may have bolstered the prosecution's case against defendant, it was unnecessary as the prosecution presented sufficient evidence to support defendant's conviction. *People v Hardiman*, 466 Mich 417, 430; 646 NW2d 158 (2002).

There was also sufficient DNA evidence to establish that defendant sexually assaulted the victim, where the victim testified that defendant sexually assaulted her while he held a gun to her head. If believed by a jury, the victim's testimony alone was sufficient to support defendant's conviction. MCL 750.520h (testimony of sexual assault victim does not require corroboration). See also *People v Gursky*, 486 Mich 596, 623; 786 NW2d 579 (2010).

Turning to defendant's claim that the jury's verdict is against the great weight of the evidence, it also fails.

Generally, "a question as to the credibility of a witness [is] not [a] sufficient ground[] for granting a new trial." *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998) (quotation marks and citation omitted). An exception may be made to this general rule when the witness's "testimony contradicts physical facts or laws" or "is patently incredible." *Id*. at 643 (quotation marks and citations omitted).

In this case, the victim testified that defendant sexually penetrated her as he held a gun near her head. As already mentioned, the victim's testimony need not be corroborated. MCL 750.520h; *Gursky*, 486 Mich at 623. Moreover, DNA testing established that defendant's DNA profile matched the male DNA profile retrieved from the victim's vaginal swab. It cannot be said that victim's testimony contradicted physical facts or law or was patently incredible. Therefore, the jury's verdict was not contrary to the great weight of the evidence, and defendant has not demonstrated plain error occurred. *Cameron*, 291 Mich App at 617.

Affirmed.

/s/ Anica Letica
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher