*61
 
 Per Curiam.
 

 Defendant Thomas James Colon was charged with assault with intent to commit murder, MCL 750.83, assault with intent to do great bodily harm less than murder, MCL 750.84, armed robbery, MCL 750.529, breaking and entering, MCL 750.110, unlawfully driving away an automobile (udaa), MCL 750.413, and possession of a firearm during the commission of a felony, MCL 750.227b. After a jury trial, defendant was convicted as charged.
 

 Defendant, a third-offense habitual offender, MCL 769.11, was sentenced as follows: 60 to 90 years’ imprisonment for the assault with intent to murder conviction; 160 to 240 months’ imprisonment for the assault with intent to do great bodily harm less than murder conviction; 360 to 540 months’ imprisonment for the armed robbery conviction; 20 to 30 years’ imprisonment for the breaking and entering conviction; 80 to 120 months’ imprisonment for the UDAA conviction; and two years’ imprisonment for the felony-firearm conviction. Defendant appeals as of right. We affirm.
 

 Defendant and Richard Scott Coopes broke into the home of seventy-eight-year-old James Coss in the late evening hours of September 14, 1994. During the break-in, defendant and Coopes ransacked Coss’ home looking for money. Coss was repeatedly questioned about where he had his money hidden and when he replied that he did not have any money, Coss was beaten, pistol-whipped, stabbed, kicked, and struck in the eye with a dresser drawer. Before defendant and Coopes left Coss’ home, Coss’ wrists and ankles were bound and Coss was tied to the leg of a table. Defendant and Coopes left in Coss’ automobile after taking a television, a computer, an
 
 *62
 
 answering machine, and $3 or $4 in cash. The police arrested Coopes later that night when he was found asleep in Coss’ automobile. The police located defendant, a few days later, attempting to board a Greyhound bus to Florida
 
 [1]
 
 .
 

 Defendant argues that his convictions of assault with intent to murder and assault with intent to do great bodily harm less than murder violated prohibitions against double jeopardy. We disagree.
 

 We review a double jeopardy issue regardless of whether the defendant has raised the issue before the trial court because it involves a “significant constitutional question.”
 
 People v Lugo,
 
 214 Mich App 699, 705; 542 NW2d 921 (1995), lv den 453 Mich 919 (1996). Further, we review de novo a double jeopardy issue.
 
 People v Herron,
 
 464 Mich 593, 599; 628 NW2d 528 (2001).
 

 The United States and the Michigan Constitutions prohibit placing a defendant twice in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15. In other words, the Double Jeopardy Clause “protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense.”
 
 People v Squires,
 
 240 Mich App 454, 456; 613 NW2d 361 (2000).
 

 
 *63
 
 Defendant argues that his convictions of assault with intent to do great bodily harm less than murder and assault with intent to murder punish the commission of the same offense and violate double jeopardy principles. Essentially, defendant argues that he is being subjected to multiple punishments for the same offense. Defendant is mistaken.
 

 We have held that “[t]here is no violation of double jeopardy protections if one crime is complete before the other takes place, even if the offenses share common elements or one constitutes a lesser offense of the other.” Lugo,
 
 supra
 
 at 708. This is precisely the case here. Coss testified regarding the details of the act, which supported defendant’s conviction of assault with intent to murder. While rifling through Coss’ dresser drawers looking for money, defendant found a gun. After tormenting Coss with the gun, defendant told Coss that Coss had lived long enough and pulled the trigger several times while pointing the gun at Coss’ head. This incident was distinct and separate from the other instances where defendant brutally and savagely beat Coss by hitting him in the face, throwing a dresser drawer at him, and stabbing him in the hands. Indeed, the beating of Coss composed the separate offense of assault with intent to do great bodily harm less than murder. As Coss explained, he was beaten over the course of IV2 hours and the beatings were interspersed with defendant’s searching for money; defendant would look for money and when his search proved unsuccessful he would return to Coss and try to beat out of him an admission regarding where he had his money hidden. Thus, the incidents composing these crimes were sep
 
 *64
 
 arate and distinct, and double jeopardy principles were not offended.
 

 Next, defendant argues that his sentence for the conviction of assault with intent to murder is excessive, violates the principle of proportionality, and constitutes cruel and unusual punishment.
 

 We review the sentencing of an habitual offender for an abuse of discretion.
 
 People v Reynolds,
 
 240 Mich App 250, 252; 611 NW2d 316 (2000). Here, we do not agree that defendant’s sentence is excessive, constitutes cruel and unusual punishment, or is disproportionate.
 

 First, defendant argues that his sentence is excessive because Coopes, his codefendant, was also a third-offense habitual offender and was sentenced to only 20 to 30 years’ imprisonment.
 

 Our Supreme Court in
 
 In re Dana Jenkins,
 
 438 Mich 364, 376; 475 NW2d 279 (1991), considered this precise issue and explained that the trial court is not required to consider the sentence of a codefendant. “Sentences must be individualized and tailored to fit the circumstances of the defendant and the case.”
 
 Id.
 
 Furthermore, we note that defendant’s harsher sentence was also justified, given the facts of this case. Defendant was primarily responsible for the excessive brutality involved in this case. Indeed, Coss’ testimony made it clear that defendant put the gun to Coss’ head and pulled the trigger. It is true that Coopes tied Coss’ wrists and ankles, but it was defendant who punched, kicked, and stabbed Coss. Thus, even if we were required to consider Coopes’ sentence, defendant’s harsher sentence was justified given the facts of this case.
 

 
 *65
 
 Second, defendant argues that his sentence for the conviction of assault with intent to commit murder is disproportionate and constitutes cruel and unusual punishment.
 

 The sentencing guidelines do not apply to defendant because he is an habitual offender.
 
 People v Hansford (After Remand),
 
 454 Mich 320, 324; 562 NW2d 460 (1997). Nonetheless, “[a] sentence must be proportionate to the seriousness of the crime and the defendant’s prior record. If an habitual offender’s underlying felony and criminal history demonstrate that he is unable to conform his conduct to the law, a sentence within the statutory limit is proportionate.”
 
 People v Compeau,
 
 244 Mich App 595, 598-599; 625 NW2d 120 (2001) (citation omitted).
 

 In this case, we find defendant’s sentence proportionate. Defendant essentially received 60 to 90 years’ imprisonment. Defendant, a third-offense habitual offender, could have received a life sentence. MCL 769.11(l)(b). In addition, defendant has demonstrated an inability to conform his behavior to the laws of this state. Defendant was convicted of assault and battery in 1979, invasion of privacy in 1980, armed robbery in 1980, assault and battery in 1984, and felonious assault in 1984. Defendant also has a theft conviction from Georgia in 1992. Thus, defendant’s criminal history is extensive.
 

 Further, as the trial court emphasized, the circumstances surrounding this incident are particularly violent. This attack occurred in the early morning hours after defendant and Coopes entered Coss’ home. Defendant beat Coss, a seventy-eight-year-old man, for approximately IV2 hours in an effort to locate any money that may have been kept in Coss’ home.
 
 *66
 
 Defendant struck Coss in the head with a gun, kicked Coss, and stabbed Coss’ hands. Defendant also aimed the gun at Coss’ head, told Coss he had lived long enough, and repeatedly pulled the trigger. Defendant directed Coopes to tie Coss’ hands and feet before they left. Coss, who was bleeding profusely at that time, was then tied to a table leg and left for dead. There is no doubt that, given the circumstances of this crime and defendant’s inability to conform his conduct to the laws of this state, defendant’s sentence was proportionate.
 

 Likewise, we reject defendant’s argument that his sentence constitutes cruel and unusual punishment. As we have recognized, “a proportionate sentence is not cruel and unusual.”
 
 People v Terry,
 
 224 Mich App 447, 456; 569 NW2d 641 (1997). Thus, defendant’s argument that his sentence constitutes cruel and unusual punishment fails because we have already concluded that defendant’s sentence is proportionate.
 

 Finally, defendant argues that he is entitled to resentencing because his sentence after the first trial was 30 to 45 years’ imprisonment, whereas his sentence after this trial was 60 to 90 years’ imprisonment. Defendant argues that he was essentially punished for a successful appeal and that this is impermissible.
 

 “When a defendant is resentenced by the same judge and the second sentence is longer than the first, there is a presumption of vindictiveness. That presumption may be overcome if the trial court enunciates reasons for doing so at resentencing.”
 
 People v Lyons (After Remand),
 
 222 Mich App 319, 323; 564 NW2d 114 (1997) (citations omitted). However, that presumption does not apply when the sentences are
 
 *67
 
 imposed by different judges.
 
 People v Mazzie,
 
 429 Mich 29, 33; 413 NW2d 1 (1987);
 
 People v Grady,
 
 204 Mich App 314, 317; 514 NW2d 541 (1994).
 

 Here, we note that there is no presumption of vindictiveness. Defendant was first sentenced to 30 to 45 years’ imprisonment by Judge Chad C. Schmucker. After a successful appeal, defendant was again convicted and was sentenced to 60 to 90 years’ imprisonment by Judge Edward J. Grant. Moreover, even if there were such a presumption, it could be successfully rebutted. Defendant’s sentence of 60 to 90 years’ imprisonment was for his assault with intent to murder conviction. At defendant’s first trial, he was not convicted of assault with intent to murder.
 
 People v Colon,
 
 233 Mich App 295, 297; 591 NW2d 692 (1998). Thus, the increase of this sentence is entirely based on this additional conviction
 
 [2]
 
 .
 

 Affirmed.
 

 [1]
 

 This is the second time this case is before us. We granted defendant a new trial after concluding that the trial court’s method of jury selection entitled defendant to a new trial. See
 
 People v Colon,
 
 233 Mich App 295; 591 NW2d 692 (1998). In addition, we note that defendant’s codefendant Coopes also appealed to this Court from his convictions and sentences and this Court affirmed the convictions and sentences. See
 
 People v Coopes,
 
 unpublished opinion per curiam of the Court of Appeals, issued May 16, 1997 (Docket No. 185721).
 

 [2]
 

 In fact, defendant’s sentences for his convictions after the first trial were identical to his sentences for his convictions after the second trial. In each instance, defendant was sentenced to 80 to 120 months’ imprisonment for the udaa conviction, 20 to 30 years’ imprisonment for the breaking and entering conviction, 160 to 240 months’ imprisonment for the assault with intent to do great bodily harm less than murder conviction, 360 to 540 months’ imprisonment for the armed robbery conviction, and two years’ imprisonment for the felony-firearm conviction.