*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CLEMENT FRANKLIN FULLER III,

Defendant-Appellant.

UNPUBLISHED
December 17, 2025
2:11 PM

No. 369516
Saginaw Circuit Court
LC No. 21-047442-FC

Before: SWARTZLE, P.J., and O'BRIEN and BAZZI, JJ.

PER CURIAM.

Defendant was convicted of armed robbery and assault with a dangerous weapon because he entered a store, jabbed a store worker with a knife, and demanded money from the cash register. He was also convicted of second-degree home invasion, two counts of resisting or obstructing a police officer, and making a false or misleading statement based on his actions after the robbery, including running from police officers and entering a third-party's trailer. He is now appealing as of right his convictions and sentencing.

## I. BACKGROUND

Defendant's convictions resulted from the armed robbery and assault of Jessica Froum, a store worker at Good Times Market in Albee Township. On the day of the robbery, defendant called Good Times Market and asked what time the store closed. Later that day, defendant entered the store wearing a stocking cap with eyes and mouth holes on his face and holding a large knife by his side. Froum had known defendant for years, and she recognized defendant by his voice. Defendant walked behind Froum, "jabbed" the knife at her, touching her back and chest at least three times, and demanded the money from the cash register. Defendant then left after his attempt to open the register failed. While defendant and Froum were near the front on the store, another employee, Misty Wells, ran to a different area of the store and called the police. Once police arrived, Froum identified defendant as the perpetrator and directed the trooper in the direction that defendant fled.

Three officers were involved in the chase of defendant. Defendant ran into a field while one officer, in full uniform and who had identified himself as police, yelled multiple commands

for defendant to stop. Defendant failed to stop and the officers lost sight of him. The officers eventually gathered that defendant had entered a "substantially large," "probably 40 feet, at least," camper trailer on a residential property near the store. One of the officers opened the door of the trailer and gave multiple commands for defendant to exit, but defendant did not leave. As they searched the trailer, the officers were issuing commands for defendant to come out. One of the officers eventually observed defendant in the front of the trailer and commanded him to show his hands and get on the ground. Defendant failed to follow the command, so one officer deployed his Taser, which was unsuccessful because of defendant's coat. The other officers grabbed defendant, brought him outside, and placed him on the ground.

After defendant withdrew a guilty plea because of sentencing scoring, his case proceeded to trial. At trial, the jurors were given special instructions on the three counts of resisting and obstructing because the multiple counts "could get quite confusing for the jury." Defendant's trial counsel discussed the special instructions with the trial court off the record and had no objection to the special instructions and no objection to the final jury instructions.

The jury convicted defendant of armed robbery, MCL 750.529[1]; assault with a dangerous weapon (felonious assault), MCL 750.82; second-degree home invasion, MCL 750.110a(3); two counts of resisting or obstructing a police officer (resisting or obstructing), MCL 750.81d(1); and making a false or misleading statement to a peace officer during a criminal investigation (lying to police), MCL 750.479c(2)(d). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 360 to 540 months for the armed robbery conviction, 60 months to 15 years for the felonious assault conviction, 46 months to 15 years for each resisting or obstructing conviction, 228 months to 30 years for the second-degree home invasion conviction, and 48 months to 15 years for the lying to police conviction.

Defendant appealed his convictions and sentence.

II. ANALYSIS

A. SUFFICIENCY OF THE EVIDENCE–HOME INVASION

Defendant first argues on appeal that there was insufficient evidence to sustain his conviction of second-degree home invasion, specifically that the structure he entered was not a dwelling. We review de novo a challenge to the sufficiency of the evidence. *People v Speed*, 331 Mich App 328, 331; 952 NW2d 550 (2020). We view the evidence in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Miller*, 326 Mich App 719, 735; 929 NW2d 812 (2019). "A reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury's verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000) (cleaned up). Further, the prosecutor is not required to "negate every reasonable

---

[1] Although defendant did not succeed in taking money from the cash register, the statute encompasses acts that occur in an attempt to commit larceny. MCL 750.530; *People v Williams*, 288 Mich App 67, 73-75; 792 NW2d 384 (2010).

theory consistent with innocence" as long as the elements of the offense are proven beyond a reasonable doubt. *Id.*

Defendant was convicted of second-degree home invasion under MCL 750.110a(3), which requires a person breaking and entering or entering without permission in a "dwelling." MCL 750.110a(1)(a) defines a dwelling as "a structure or shelter that is used permanently or temporarily as a place of abode, including an appurtenant structure attached to that structure or shelter." If a structure is temporarily vacant but the inhabitant intends to return, then it remains a dwelling. *People v Powell*, 278 Mich App 318, 322; 750 NW2d 607 (2008). The duration of the absence and the habitability of the structure does not affect the status of the structure as a dwelling. *Id.*

Viewed in the light most favorable to the prosecutor, there was sufficient evidence to find that the trailer, located on a residential property, could be considered a dwelling. At trial, the officer testified that defendant was located in a "substantially large," "probably 40 feet, at least," camper trailer with a front and rear door and slide-outs that provided even more space inside. The mere fact that the trailer was not occupied at the precise time that defendant entered it does not disqualify the structure as a dwelling; a structure that is used temporarily can still be considered a dwelling under MCL 750.110a(1)(a). Based on the evidence that the parties introduced, a rational jury could find beyond a reasonable doubt that the trailer was a dwelling, and therefore find sufficient evidence to sustain defendant's second-degree home invasion conviction.

## B. JURY INSTRUCTIONS–RESISTING OR OBSTRUCTING

Next on appeal, defendant argues that the trial court violated his right to be free from double jeopardy by instructing the jury on three separate counts of restricting or obstructing when there was "a single continued event of resisting and obstructing." Defendant waived appellate review of his substantive claim of instructional error. "A party's explicit and express approval of jury instructions as given waives any error and precludes appellate review." *People v Spaulding*, 332 Mich App 638, 653; 957 NW2d 843 (2020). The trial court explicitly asked defendant twice if he had objections to the jury instructions, which defendant responded in the negative, even specifically stating that he discussed the special jury instructions with the court staff. We therefore will not review the jury instructions in this context.

But, defendant is also arguing that he received ineffective assistance of counsel when his trial counsel allowed the jury instruction on resisting or obstructing. A claim of ineffective assistance of counsel is a mixed question of fact and constitutional law. *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). We review for clear error the trial court's factual findings and review de novo questions of constitutional law. *People v Shaw*, 315 Mich App 668, 671-672; 892 NW2d 15 (2016). For ineffective assistance of counsel, defendant must show that (1) his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) that this performance caused him prejudice. *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id.*

The Double Jeopardy Clauses of the United States and Michigan Constitutions protect against placing a defendant twice in jeopardy for a single offense, including multiple punishments

for the same offense. US Const, Am V; Const 1963, art 1, § 15; *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004). "There is no violation of double jeopardy protections if one crime is complete before the other takes place, even if the offenses share common elements." *People v Lugo*, 214 Mich App 699, 708; 542 NW2d 921 (1995). To convict a defendant of assaulting, resisting, or obstructing a police officer under MCL 750.81d(1), the prosecutor must prove: "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Vandenberg*, 307 Mich App 57, 68; 859 NW2d 229 (2014) (cleaned up). The prosecutor must also prove that the officers' actions were lawful. See *People v Moreno*, 491 Mich 38, 52; 814 NW2d 624 (2012).

At defendant's *Ginther*[2] hearing regarding his other ineffective-assistance-of-counsel claims, defendant's trial counsel explained that he did not object to the instruction because there were three separate incidents of defendant resisting or obstructing: one count for failing to follow the officers' command to stop while chasing through the field, one count for failing to follow the officers' commands to exit the trailer, and one count for failing to show his hands and get on the ground. As defendant's counsel argued, the three counts were separate and distinct, such that double jeopardy principles were not offended. See *People v Colon*, 250 Mich App 59, 63-64; 644 NW2d 790 (2002). Our review of the record confirms that there were indeed three separate incidents. Accordingly, defense counsel's failure to object to the trial court's instructions on double jeopardy grounds was not objectively unreasonable. *Nix*, 301 Mich App at 207. Failure to "advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Defendant has not established his claim of ineffective assistance of counsel on this basis.

## C. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional issues in his Standard 4 brief,[3] arguing that he is entitled to resentencing because the trial court improperly scored four offense variables, for which his counsel failed to object: 25 points for offense variable (OV) 1 (aggravated use of a weapon), 5 points for OV 3 (physical injury to a victim), 10 points for OV 9 (number of victims placed in danger), and 15 points for OV 19 (interference with the administration of justice). Defendant waived appellate review of challenges to the scoring of the guidelines when he agreed with the scoring. "When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011). At sentencing, defense counsel affirmatively answered and agreed with the SIR scoring. Defendant's waiver extinguished any error, leaving no error to review. *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000).

---

[2] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

[3] If a defendant insists that a claim be raised on appeal against the advice of his appellate counsel, then the defendant can supplement their counsel's arguments by filing a "Standard 4" brief in *propria persona*. *People v Good*, 346 Mich App 275, 283; 12 NW3d 79 (2023).

-4-

Additionally, considering defendant's scoring challenges in the context of his ineffective-assistance-of-counsel claim, we conclude that defendant is not entitled to relief. When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Clear error exists when the Court is left with a definite and firm conviction that an error has occurred. *People v Caddell*, 332 Mich App 27, 41; 955 NW2d 488 (2020). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

"When calculating sentencing guidelines, the trial court may consider all record evidence, including the presentence investigation report (PSIR), plea admissions, and testimony. The trial court may also consider victim-impact statements, and may make reasonable inferences from evidence in the record." *People v Montague*, 338 Mich App 29, 55; 979 NW2d 406 (2021). Information in a PSIR "is presumed to be accurate." *People v Lampe*, 327 Mich App 104, 120; 933 NW2d 314 (2019) (cleaned up).

OV 1 considers the aggravated use of a weapon. MCL 777.31(1). OV 1 is assessed 25 points if "a victim was cut or stabbed with a knife," and only 15 points if "the victim had a reasonable apprehension of an immediate battery when threatened with a knife." *Id.* OV 3, physical injury to a victim, is scored at 5 points if victim sustained a bodily injury that did not require medical treatment. MCL 777.33(1). "The term bodily injury encompasses anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *Lampe*, 327 Mich App at 112-113 (cleaned up).

Defendant argues that OV 1 should have been assigned only 15 points and OV 3 should have been assessed at 0 points because Froum did not testify at trial that she was physically injured when defendant touched her back and chest with the knife while threatening her. Froum testified at trial that defendant jabbed her in her back and chest and stated in her victim-impact statement in the PSIR that she suffered "small physical wounds to her chest and back where the defendant had poked her with the large kitchen knife." Because there was record evidence to support that Froum was wounded by the knife, not merely threatened, the trial court did not clearly err by assigning 25 points for OV 1. *Hardy*, 494 Mich at 438. For similar reasons, the trial court properly scored OV 3 at 5 points because Froum sustained a bodily injury. Accordingly, defense counsel's failure to challenge these trial court's scoring decisions was not objectively unreasonable. *Nix*, 301 Mich App at 207.

Defendant then argues that Froum was the only victim of the armed robbery and therefore OV 9, number of victims, was improperly assessed at 10 points. OV 9 is assessed at 10 points if there "were 2 to 9 victims who were placed in danger of physical injury or death"; if there were fewer than 2 victims who were placed in danger of injury or death, then it is assessed at 0 points. MCL 777.39(1). A victim is "each person who was placed in danger of physical injury or loss of life." MCL 777.39(2)(a). "A person may be a victim under OV 9 even if he or she did not suffer actual harm; a close proximity to a physically threatening situation may suffice to count the person as a victim." *People v Baskerville*, 333 Mich App 276, 294; 963 NW2d 620 (2020) (cleaned up).

The evidence provided a reasonable basis for the trial court to conclude that there were two victims placed in danger of physical injury during defendant's armed robbery of the store. It is

undisputed that two employees—Froum and Wells—were inside the store when defendant, armed with a large knife, entered the store and committed the robbery. Although Wells did not testify at trial, the agent's description of the offense in the PSIR provides that "victim Misty Wells" was in the store with Froum when the armed robbery occurred. Wells saw defendant enter the store wearing "something over his face," holding a "large kitchen knife in his hand," and heard defendant demand the money. When Wells saw defendant go behind the counter and confront Froum, Wells "grabbed her phone and ran to the back of the store to call 911."

On the basis of Well's placement in front of the store with Froum, coupled with what Wells was able to observe and hear, a preponderance of the evidence supports that she was in close proximity to a physically threatening situation, i.e., an armed robber. The fact that defendant ultimately focused on Froum, who was closest to the register, is irrelevant. Even though defendant may have only robbed one victim, scoring OV 9 for multiple victims may be appropriate if "other individuals present at the scene of the robbery were placed in danger of injury or loss of life." *People v Carlson*, 332 Mich App 663, 671-672; 958 NW2d 278 (2020) (cleaned up). Thus, regardless of defendant's eventual target being the employee who could open the register, the record supports the inference that both employees, who were in close proximity in the store, were placed at risk of physical injury from the armed robbery. Therefore, the trial court did not clearly err by finding that the evidence supported a 10-point assignment for OV 9, and defense counsel was not ineffective for failing to object to that scoring decision.

For OV 19, interference with the administration of justice, defendant argues that his score of 15 points was improper because he did not use force or the threat of force against the arresting officers. The trial court must assign 10 points for OV 19 if the offender interfered with or attempted to interfere with the administration of justice; the score increases to 15 points if the offender used force or the threat of force against another person or the property of another person in addition to the interference. MCL 777.49. Any acts by a defendant that interfere or attempt to interfere with law enforcement officers and their investigation of a crime may support a score for OV 19. *People v Barbee*, 470 Mich 283, 286-287; 681 NW2d 348 (2004). "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016). Hiding from the police constitutes an interference with the administration of justice because it is done to hinder or hamper the police investigation. *People v Smith*, 318 Mich App 281, 286; 897 NW2d 743 (2016).

Even though defendant may not have used force against the arresting officers, OV 19 is still properly scored at 15 points when defendant used force against the property of another to interfere with the administration of justice, i.e., defendant opening the door of the trailer to hide from the police. "A score of 15 points under OV 19 is not only required when force or the threat of force is used against a person. It is also required if force or the threat of force is used against the property of another." *Id*. at 287 (cleaned up). There is a preponderance of evidence on the record to conclude that, after managing to escape troopers during the chase, defendant used sufficient force to open the door of a third-party's trailer and went inside, without permission, to evade the pursuing troopers. See *id*. at 287-288. Therefore, defense counsel's decision not to object to proper scoring was not objectively unreasonable and ultimately, defendant's claims of ineffective assistance of counsel pertaining to his sentencing fail.

## D. DEFENDANT'S SUPPLEMENTAL BRIEF AFTER REMAND

After defendant's *Ginther* hearing in the trial court, defendant filed a supplemental brief arguing that the trial court abused its discretion by denying his motion for a new trial on the basis that defense counsel was ineffective for advising him to withdraw a favorable plea and proceed to trial. We review a trial court's decision on a motion for a new trial for an abuse of discretion. *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *People v Boshell*, 337 Mich App 322, 339; 975 NW2d 72 (2021). Again, we review for clear error a trial court's factual findings, and questions of constitutional law are reviewed de novo. *Shaw*, 315 Mich App at 671-672.

"Defendants are entitled to the effective assistance of counsel when considering or negotiating a plea agreement." *People v White*, 331 Mich App 144, 148; 951 NW2d 106 (2020). "Defense counsel must explain to the defendant the range and consequences of available choices in sufficient detail to enable the defendant to make an intelligent and informed choice." *People v Jackson*, 203 Mich App 607, 614; 513 NW2d 206 (1994). As with any other claim of ineffective assistance, "the defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *Douglas*, 496 Mich at 592 (cleaned up). To demonstrate prejudice with respect to ineffective assistance of counsel in the plea-bargaining process, the "defendant must show the outcome of the plea process would have been different with competent advice." *Id.*

We agree with the trial court that defendant has not established that defense counsel was ineffective regarding his plea withdrawal. When defendant withdrew his plea, he repeatedly indicated that he understood the consequences of his withdrawal as defense counsel and the trial court explained them. He understood that if he withdrew his plea, some counts that were already dismissed would be reinstated and that the mandatory 25 year sentence for a violent fourth offense would reattach. The record establishes that defendant was sufficiently aware of the consequences of his choice to withdraw his plea, such that he was able to make an informed choice. *Jackson*, 203 Mich App at 614. Thus, defendant has not established that defense counsel was ineffective when defendant withdrew his plea.

Defendant further asserts that defense counsel was ineffective for representing that he would "lower the guidelines" and renegotiate a plea agreement if defendant withdrew his plea. Defense counsel explained at both the motion and *Ginther* hearings that there was no basis to lower the guidelines because they were accurate, and defendant has not presented any argument that would have been successful in lowering the guidelines. Additionally, during the *Ginther* hearing, defendant testified that defense counsel indicated that he would try to renegotiate a plea deal and made no promises; defendant acknowledged that defense counsel could not force the prosecutor to offer a new plea deal. In any event, defense counsel and the prosecutor both testified that the prosecutor refused to offer another plea deal. Indeed, criminal "defendants have no right to be offered a plea" bargain. *Lafler v Cooper*, 566 US 156, 168; 132 S Ct 1376; 182 L Ed 2d 398 (2012) (cleaned up).

In sum, defendant has not established that defense counsel's actions related to the plea-withdrawal proceedings were objectively unreasonable or prejudicial. See *Nix*, 301 Mich App at 207. In other words, defendant's dissatisfaction with his ultimate 30-year minimum sentence

does not establish that defense counsel was ineffective, and defendant is not entitled to a new trial on this basis.

## III. CONCLUSION

Defendant failed to show that there was insufficient evidence for his home invasion conviction. He also did not succeed on any one of his ineffective-assistance-of-counsel claims. Therefore, we affirm his convictions and sentence.

Affirmed.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Mariam S. Bazzi