*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DAKOTA CHASE GARCIA,

Defendant-Appellant.

UNPUBLISHED
January 27, 2026
12:20 PM

No. 367656
Eaton Circuit Court
LC No. 2022-020140-FC

Before: KOROBKIN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Defendant, Dakota Chase Garcia, appeals by right following his jury-trial convictions for armed robbery, MCL 750.529(1), carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1), and assault and battery, MCL 750.81(1). Defendant argues that the prosecution suppressed evidence favorable to him in violation of *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963); that the evidence admitted at trial was insufficient to support his convictions because the jury's verdicts were inconsistent; and that his convictions for armed robbery and assault and battery violate his right against double jeopardy. For the reasons that follow, we vacate defendant's assault and battery conviction as a violation of double jeopardy, affirm his other convictions, and remand for entry of an amended judgment of sentence.

## I. BACKGROUND AND FACTS

The evidence at trial reflects that defendant's acquaintance, Taylor Clark, intended to buy marijuana from the victim, Kenneth Jackson, before defendant pulled out a gun and shot Jackson twice while demanding that he give them the marijuana. Defendant was charged with the following four counts: (1) armed robbery causing serious injury, MCL 750.529(3); (2) felony-firearm arising out of the armed robbery, MCL 750.227b(1); (3) assault with intent to do great bodily harm less than murder, MCL 750.84; and (4) felony-firearm arising out of the assault. On count 1, the jury found defendant guilty of the lesser included offense of armed robbery, MCL 750.529(1); and on count 3, the jury found defendant guilty of the lesser included offense of assault and battery, MCL 750.81(1). The jury convicted defendant of felony-firearm arising out of the armed robbery and acquitted him of felony-firearm arising out of the assault.

After filing a claim of appeal, defendant filed his brief along with a motion to remand this case to the trial court for a *Brady* hearing. This Court granted the motion to remand and retained jurisdiction.[1] In defendant's motion and at the *Brady* hearing, defendant advanced two claims for relief. First, he argued that the prosecution had suppressed, before the preliminary examination, evidence of a DNA test that excluded defendant as a contributor to the DNA on the magazine of the gun that was found at the scene of the shooting. And second, defendant argued that the prosecution had withheld evidence of a Facebook conversation in which Jackson stated that Clark, not defendant, shot him. At the conclusion of the hearing, defendant withdrew his motion for relief regarding the DNA issue because the evidence showed that the DNA test was not completed until after the preliminary examination. As to the Facebook evidence, the trial court denied defendant relief because Jackson had clarified in the Facebook conversation that it was someone who was with Clark, not Clark herself, who shot him.

The case has returned to our Court following the *Brady* hearing, and defendant has filed a supplemental brief. We now turn to the merits of his appeal.

## II. ANALYSIS

### A. *BRADY* VIOLATION

Defendant argues that the trial court abused its discretion by denying his motion for relief under *Brady*. We disagree.

"A trial court's decision on a motion for a new trial is reviewed for an abuse of discretion." *People v Gadomski*, 232 Mich App 24, 27; 592 NW2d 75 (1998). "An abuse of discretion occurs when the court makes a decision that falls outside the range of reasonable and principled outcomes, or makes an error of law[.]" *People v Christian*, 510 Mich 52, 74; 987 NW2d 29 (2022) (cleaned up). "A trial court's decision on a *Brady* claim is reviewed de novo." *Id*.

"[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 US at 87. "To establish a *Brady* violation, a defendant must show that: '(1) the prosecution has suppressed evidence; (2) that is favorable to the accused; and (3) that is material.' " *Christian*, 510 Mich at 76, citing *People v Chenault*, 495 Mich 142, 150; 845 NW2d 731 (2014).

"Evidence is favorable to the defense when it is either exculpatory or impeaching." *Id*. at 150. "To establish materiality, a defendant must show that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. (quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citation omitted). A defendant is not required to prove by a preponderance of the evidence that the evidence at issue would have led to an acquittal; "[t]he question is whether, in the absence of the suppressed

---

[1] *People v Garcia*, unpublished order of the Court of Appeals, entered July 29, 2024 (Docket No. 367656).

evidence, the defendant received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id*. at 150-151 (quotation marks and citation omitted). "In assessing the materiality of the evidence, courts are to consider the suppressed evidence collectively, rather than piecemeal." *Id*. at 151.

Applying *Brady* here, we cannot agree that defendant is entitled to relief regarding the Facebook messages. The evidence shows that two days after the shooting, Jackson's friend Michelle Bott contacted Jackson on Facebook to ask how he was doing, and Jackson responded that he was "in hospital shot" because Taylor "tried to rob [him]" and "shot [him] in the leg twice." Defendant argues that this evidence was exculpatory because Jackson said it was Taylor, not defendant, who shot him. However, in the very same Facebook conversation and just 38 seconds later, Jackson followed up that message with "well someone in the car that she was in shot me." This full exchange is not exculpatory because defendant was in the car, so the account given in the Facebook exchange is consistent with the testimony that was provided at trial. The initial statement by Jackson that Taylor shot him may have had some impeachment value, as it is a prior inconsistent statement, at least in part. See *Chenault*, 495 Mich at 150 ("Evidence is favorable to the defense when it is either exculpatory *or* impeaching.") (emphasis added). However, its value was minimal given that less than a minute later Jackson clarified that someone who was with Taylor—not Taylor herself—had shot him. Because the Facebook conversation overall corroborates trial testimony about the shooting, there is no reasonable probability that its disclosure to the defense would have affected the outcome of the case, and its absence from trial does not undermine confidence in the trial verdict. See *id.* at 150-151. Accordingly, the evidence was not material under *Brady*, and the trial court did not abuse its discretion by denying defendant relief.

## B. SUFFICIENCY OF THE EVIDENCE

Defendant next argues that the evidence was insufficient to support his convictions because the jury inconsistently acquitted him of one count of felony-firearm while convicting him of the other. We disagree.

"Due process requires the prosecutor to introduce evidence sufficient for a trier of fact to find the defendant guilty beyond a reasonable doubt." *People v Jarrell*, 344 Mich App 464, 480; 1 NW3d 359 (2022), citing *Jackson v Virginia*, 443 US 307, 317-318; 99 S Ct 2781; 61 L Ed 2d 560 (1979). This Court reviews challenges to the sufficiency of the evidence de novo. *People v Savage*, 327 Mich App 604, 613; 935 NW2d 69 (2019).

According to defendant, the jury's verdicts on the felony-firearm charges were inconsistent because defendant's charges all arose out of the same transaction and defendant could not have possessed a firearm and not possessed a firearm at the same time. Defendant is not entitled to relief, however, for two reasons. First, "inconsistent verdicts within a single jury trial are permissible and do not require reversal." *People v Putman*, 309 Mich App 240, 251; 870 NW2d 593 (2015). Second, the jury's verdicts were not, in any event, inconsistent. In defendant's case, the two counts of felony-firearm were premised on two separate alleged felonies, and for the second of those two felonies the jury found defendant guilty of a lesser included offense, assault and battery. Assault and battery is a misdemeanor (exception in situations not applicable here), so it could not serve as the predicate for a second felony-firearm conviction. See MCL 750.227b; MCL 750.81; see also *People v Baker*, 207 Mich App 224, 225; 523 NW2d 882 (1994). The jury,

in fact, was instructed that in order to find defendant guilty on the second felony-firearm count, the jury must find beyond a reasonable doubt that defendant had committed the crime of assault with intent to do great bodily harm less than murder. Because the jury did not find defendant guilty of that offense, it was not inconsistent for the jury to convict on the first felony-firearm count while acquitting on the second, and the evidence was sufficient to support defendant's convictions.

## C. DOUBLE JEOPARDY

Defendant argues that his convictions for armed robbery and assault and battery violate the prohibition against double jeopardy. The prosecution concedes the error, and we agree.

"The United States Constitution and the Michigan Constitution both prohibit placing a defendant twice in jeopardy for a single offense." *People v Dickinson*, 321 Mich App 1, 10; 909 NW2d 24 (2017), citing US Const, Am V; Const 1963, art 1, § 15. We review double jeopardy issues de novo. *People v Colon*, 250 Mich App 59, 62; 644 NW2d 790 (2002).

In *People v Miller*, 498 Mich 13, 17; 869 NW2d 204 (2015), our Supreme Court explained that

> [t]he prohibition against double jeopardy protects individuals in three ways: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. The first two protections comprise the "successive prosecutions" strand of double jeopardy, while the third protection is known as the "multiple punishments" strand. [Cleaned up.]

At issue in this case is whether defendant's multiple convictions violate the "multiple punishments" strand of double jeopardy.

Generally speaking, Michigan courts apply the "abstract legal elements" test set forth in *Blockburger v United States*, 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), and *People v Ream*, 481 Mich 223; 750 NW2d 536 (2008), "to ascertain whether the Legislature intended to classify two offenses as the 'same offense' for double jeopardy purposes." *Miller*, 498 Mich at 19. As explained in *Miller*:

> Under the abstract legal elements test, it is not a violation of double jeopardy to convict a defendant of multiple offenses if "each of the offenses for which defendant was convicted has an element that the other does not . . . ." [*Ream*, 481 Mich at 225-226.] This means that, under the *Ream* test, two offenses will only be considered the "same offense" where it is impossible to commit the greater offense without also committing the lesser offense. [*Id.* at 241.] [*Miller*, 498 Mich at 19.]

In *Ream*, the Court also clarified that, in line with *Blockburger*, the focus must be on "the statutory elements, not the particular facts of the case . . . ." *Ream*, 481 Mich at 238.

In the present case, defendant was charged and convicted of both armed robbery and assault and battery for the single incident in which Jackson was robbed and shot. Under MCL 750.529, armed robbery requires proof that the defendant committed an assault. *People v Smith*, 478 Mich 292, 319; 733 NW2d 351 (2007). Under MCL 750.81(1), assault and battery does not require proof of any act by the defendant other than assault. Therefore, it is impossible to commit armed robbery without also committing assault and battery, and it is not the case that each offense has an element that the other does not. See *Miller*, 498 Mich at 19. Therefore, under the *Blockburger*/*Ream* test, defendant's convictions for armed robbery and assault and battery violated the constitutional prohibition against double jeopardy.

"The appropriate remedy for multiple punishments in violation of the prohibition against double jeopardy is to vacate the lower charge and affirm the higher conviction." *People v Franklin*, 298 Mich App 539, 546; 828 NW2d 61 (2012). Therefore, we vacate defendant's conviction for assault and battery and remand for the trial court to amend defendant's judgment of sentence accordingly. In all other respects, defendant's convictions and sentences are affirmed.

Affirmed in part, vacated in part, and remanded. We do not retain jurisdiction.

/s/ Daniel S. Korobkin
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado